UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RENDELL ROBINSON,

                            Plaintiff,

v.                                            9:13-CV-1213
                                              (TJM/TWD)

LORENZO A. BALLARD, TIMOTHY
HOLMES, MICHAEL J. WOJTANOWSKI,
STEPHEN J. STRASSBERGER, JOSEPH
BELLNIER, JOHN DOE HARPER, JOHN
DOE CORY, BRIAN HILTON, JOHN
DOE KALIES, ERIC ONYAN, ARDUINO
A. CACCIOTTI, JR., JOHN DOE
MCARDLE,

                            Defendants.
_____

APPEARANCES:                                                        OF COUNSEL:

RENDELL ROBINSON, 07-A-6175
Plaintiff pro se
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ERIC T. SCHNEIDERMAN                        HEATHER R. RUBINSTEIN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Currently pending before the Court is Defendants' motion to dismiss for failure to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 10. (Dkt. No. 27.) For the reasons that follow, I recommend that Defendants' motion be denied.

## I. BACKGROUND

Plaintiff filed the complaint in this action on September 30, 2013. (Dkt. No. 1.) Including exhibits, the complaint is 357 pages long. Because Plaintiff's handwriting is quite large, there are relatively few words on each page. As the Court has previously noted (Dkt. No. 7 at 3 n.3), parts of the complaint are extremely difficult to read. Plaintiff names seventeen individual defendants and seeks relief against them in their individual and official capacities. (Dkt. No. 1-2 at 59.)

Upon initial review, the Court summarized and analyzed the complaint, listing the claims asserted against each Defendant and applying the proper legal standards to those claims. (Dkt. No. 7.) As the Court stated in that Order, Plaintiff asserts several claims arising out of his confinement in the Residential Mental Health Unit at Marcy Correctional Facility. (Dkt. No. 1.) Plaintiff alleges that he was "brutally attacked and physically assaulted" by Defendant Correction Officers Ballard, Onyan, Wojtanowski, Holmes, and Cacciotti on July 14, 2010, during escort to his housing unit. (Dkt. No. 1 at 59-87, 114-16.) Throughout this incident, Plaintiff was in handcuffs and a waist chain. *Id.* at 116. Plaintiff further alleges that Defendant Sgt. Strassberger witnessed the incident but failed to intervene to protect Plaintiff from harm. *Id.* The next day, Defendant McArdle issued an order requiring that Plaintiff be confined in leg irons and a retention strap whenever he was out of his cell. *Id.* at 102-03, 121-26. Plaintiff alleges that the restraint order remained in effect for one and a half months. *Id.* at 126.

The complaint alleges that Defendant Strassberger issued a misbehavior report charging Plaintiff with misconduct during the July 14, 2010, incident. (Dkt. No. 1 at 104-05.) Plaintiff was found guilty of the charges at a hearing conducted by Defendant Harper and sentenced to six months of confinement in the Special Housing Unit and loss of privileges. (Dkt. No. 1-1 at 23.) Plaintiff alleges that the results of the disciplinary hearing were reversed on November 12, 2010. *Id.* at 24.

Plaintiff alleges that he filed grievances regarding the alleged use of excessive force and the issuance of the restraint order. He alleges that those grievances were not timely responded to or investigated properly. (Dkt. No. 1 at 138-41; Dkt. No. 1-1 at 4, 12, 114-39; Dkt. No. 1-2 at 42-43, 49-50.) Plaintiff also alleges that although he was interviewed by staff from the Prisoners Rights Project of the Legal Aid Society regarding the conditions of his confinement, nothing was done to address his complaints of staff misconduct. (Dkt. No. 1-1 at 36-59, 100-02; Dkt. No. 1-2 at 11-19.)

Upon initial review of the complaint, the Court dismissed the following claims with prejudice: (1) the claims against Defendants in their official capacities; (2) the claim that Defendant Strassberger issued a false misbehavior report; and (3) the claim that Plaintiff's grievances were not properly filed or processed. (Dkt. No. 7 at 18.)

The Court dismissed the following claims without prejudice: (1) the Fourteenth Amendment due process claims; (2) the claims against the Legal Aid defendants; and (3) all claims against Defendants Bellamy, Thomas, Fischer, Fogg, and Boston. (Dkt. No. 7 at 19.)

The Court directed Defendants to respond to the "Eighth Amendment excessive force and failure to intervene claims against the remaining defendants." (Dkt. No. 7 at 19.)

Defendants now move to dismiss the complaint. (Dkt. No. 27.) Plaintiff has informed the Court that he will not respond to the motion, preferring to stand by his complaint as written. (Dkt. No. 37.)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint on the ground that the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the

4

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

Defendants' motion to dismiss does not address the merits of Plaintiff's surviving claims. (Dkt. No. 27-1.) Rather, Defendants argue that the complaint fails to comply with the pleading standards set forth in Federal Rules of Civil Procedure 8 and 10, rendering it "nearly impossible to determine the basis for the causes of action[] in the Complaint." *Id.* at 6.[1] For the reasons discussed below, I recommend that the Court deny Defendants' motion.

### A. Federal Rule of Civil Procedure 8

Defendants argue that the complaint should be dismissed because it fails to comply with Federal Rule of Civil Procedure 8. (Dkt. No. 27-1.) Federal Rule of Civil Procedure 8 requires, *inter alia*, that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). "Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons*, 49 F.3d at 86.

---

[1] Citations to page numbers in Defendants' memorandum of law refer to the page numbers in the original document rather than to the page numbers assigned by the Court's electronic filing system.

The function of the pleading standard is to provide the defendants with fair notice of the claims being asserted against them so they can prepare defenses and for trial, and to prevent placing an unjustified burden on the court of wading through irrelevant material. *See Salahuddin*, 861 F.2d at 42. In determining whether the complaint satisfies the Rule 8 pleading requirements, the court is required to construe pro se complaints liberally. *Simmons*, 49 F.3d at 86.

Here, the Court's extensive and detailed initial order provided Defendants with fair notice of the claims asserted against them. If the Court had been inclined to dismiss the complaint for failure to comply with Rule 8, it would have done so *sua sponte* upon initial review. Instead, the Court accepted the burden of summarizing and analyzing the complaint, dismissed multiple causes of action and Defendants, and specifically directed Defendants to respond to enumerated remaining causes of action. Therefore, it is recommended that Defendants' motion to dismiss the complaint for failure to comply with Federal Rule of Civil Procedure 8 be denied.

**B.    Federal Rule of Civil Procedure 10**

Defendants argue that the complaint should be dismissed because it fails to comply with Federal Rule of Civil Procedure 10(b). (Dkt. No. 27-1.) Federal Rule of Civil Procedure 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Second Circuit is "especially . . . willing to overlook harmless violations of Rule 10(b)." *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005). A violation is harmless "where the absence of numbering or succinct paragraphs does not interfere with one's ability to understand the claims or otherwise prejudice the adverse party." *Id.* Further, "even where a violation of Rule 10(b) is not harmless,

6

dismissal is not typically the appropriate course of action." *Phillips*, 408 F.3d at 128.  Here, Defendants are not prejudiced by the complaint's lack of numbered paragraphs because the Court has performed an initial review of the complaint and directed Defendants to respond to enumerated claims.  Therefore, it is recommended that the Court deny Defendants' motion to dismiss the complaint for failure to comply with Rule 10(b).

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 27) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: March 9, 2015
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge